UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS JOHNSON,<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 1:15-cv-34 |
| JASON LEMOND, and DOUG LYNN,<br>in their individual capacities only<br>*Defendants* | §<br>§<br>§<br>§ | |

**PLAINTIFF'S COMPLAINT**

Defendants falsely arrested Plaintiff Thomas Johnson, despite knowing he was innocent. Now that the charges have finally been dropped, Plaintiff files this lawsuit against Defendants Jason LeMond, Doug Lynn, and the City of Cedar Park.

## I. PARTIES

1. Plaintiff Thomas Johnson is a resident of Georgetown, Texas.

2. Defendant Jason LeMond is a City of Cedar Park police detective sued in his individual capacity for compensatory and punitive damages. He can be served with process at 911 Quest Parkway, Cedar Park, TX 78613.

3. Defendant Doug Lynn is a City of Cedar Park police officer sued in his individual capacity for compensatory and punitive damages. He can be served with process at 911 Quest Parkway, Cedar Park, TX 78613.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), and §1343 (civil rights).

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1), as all

relevant events occurred in the division, and all Defendants reside in this state.

6. This Court also has supplemental jurisdiction to consider Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## III. FACTS

7. Thomas Johnson is a resident of Georgetown, Texas.

8. On January 7, 2014, Mr. Johnson spent the evening at home.

9. Totally unbeknownst to Mr. Johnson, two men were seen shoplifting at a Wal-Mart in Cedar Park, Texas on January 7, 2014 in the evening.

10. The store's loss prevention officer called the police. Defendant Lynn responded to the store.

11. The loss prevention officer gave Officer Lynn a very generic description of the suspects – middle-aged white men – who drove away in a grey car.

12. The loss prevention officer gave Officer Lynn still photographs from the store's surveillance cameras, but the photos were extremely grainy and it is impossible to see the mens' faces.

13. The photo below is a black and white copy of the still photograph from the Wal-Mart provided to the officers.



14. The loss prevention officer, however, did claim to see license plate on the car the men drove away in – BJY0543. She alternatively told the police the car was a silver truck or a grey four-door sedan.

15. Officer Lynn negligently transposed the license plate number, however, and ran the license plate number BJY0453 through the department's computer system. That incorrect plate returned to a silver Chevy pickup truck registered to a man named "Thomas Johnson" who resides in Mesquite, Texas.

16. In fact, the Plaintiff has never lived in Mesquite, Texas, and never owned a silver Chevy pickup truck.

17. Armed only with a very common name and an incorrect license plate number, Officer Lynn went to an address for the Plaintiff he had obtained, though the Plaintiff had not lived there for some time. At this point, Officer Lynn had decided to arrest the Plaintiff though his only evidence was that both the Plaintiff and the suspect had the same, very common, name.

18. Mesquite is a suburb of Dallas, and is over 190 miles from the Wal-Mart.

19. Officer Lynn reported his clearly erroneous findings to Defendant LeMond, a detective, who took over the case.

20. LeMond reviewed the evidence, and agreed that the only suspect was "Thomas Johnson" despite Lynn's extremely shoddy and obviously incompetent police work. LeMond did not correct the error in the license plate number, or do any further investigation, as any competent officer with knowledge of these facts would.

21. Detective LeMond, instead, went to Plaintiff's home and attempted to interview him. When Plaintiff was not home, he left a business card with a note to call him.

22. Plaintiff called Defendant LeMond back, and went down to the police station to speak with him. In an attempt to coerce Mr. Johnson to confess to a crime he did not commit, LeMond lied to Mr. Johnson, telling him that he had surveillance video that clearly showed Mr. Johnson shoplifting at the Wal-Mart, though this was not true. Knowing he was innocent, Plaintiff declined to speak with LeMond further, and left.

23. Frustrated that Plaintiff would not confess, LeMond swore out a false arrest affidavit. Lemond knew the following statements in the affidavit were false at the time he made them:

a. The loss prevention officer stated the license plate number was BJY0453 – in fact she told Officer Lynn the number was BJY0543.

b. The license plate "returned to a 2011 silver Chevrolet SUV" registered to Thomas Johnson of "Leander, TX" – in fact, it returned to Thomas Johnson of Mesquite, Texas.

c. "I was able to make a positive identification of Mr. Johnson from the [surveillance] photo" – in fact, the surveillance photos are completely useless for identification purposes.

24. Relying on LeMond's lies, a judge signed an arrest warrant, and the warrant was issued for Plaintiff's arrest. The false statements about the license plate registration and surveillance photos were necessary to establish probable cause. At the time the arrest warrant was signed, no reasonable officer, from the facts LeMond and Lynn knew, would have concluded Plaintiff committed the crime. No probable cause existed to complete the arrest warrant.

25. Though he knew he was innocent, Plaintiff turned himself in to the police. He spent two days in jail, before being bonded out.

26. Plaintiff hired a defense attorney, who reviewed the non-existent evidence against Plaintiff. Shortly after retaining his attorney, all charges against the Plaintiff were dismissed.

## IV. CAUSES OF ACTION

### FALSE ARREST AND DELIBERATE FABRICATION – 42 U.S.C. § 1983

27. LeMond and Lynn arrested Mr. Johnson for shoplifting even though they knew (as any reasonable officer in their positions would have known), they lacked probable cause to make such an arrest.

28. LeMond deliberately fabricated an arrest affidavit that caused Plaintiff to be charged with theft. LeMond's conduct was shockingly, objectively unreasonable and plainly incompetent.

29. LeMond and Lynn intentionally caused Mr. Johnson to be arrested on charges they knew were unsupported by evidence, and failed to establish probable cause.

30. LeMond and Lynn's conduct was objectively unreasonable, violated Mr. Johnson's clearly established right to be free from false arrest on deliberately fabricated charges, and proximately caused Plaintiff to suffer significant damages. Accordingly, LeMond and Lynn are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

31. LeMond and Lynn were each acting under color of law at all relevant times.

## IV. DAMAGES

32. Plaintiff seeks the following damages:

a) Past and future economic damages;

b) Past and future mental anguish;

c) Attorneys' fees, including costs, expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

d) Past and future damages for injury to Plaintiff's character and reputation;

e) Pre and post-judgment interest at the highest rate allowable under law; and

f) All other compensatory and/or general damages to which Plaintiff is entitled under state or federal law.

g) Punitive and/or exemplary damages.

## V. REQUEST FOR A JURY TRIAL

33. Plaintiff respectfully requests a trial by jury.

## VI. PRAYER FOR RELIEF

34. To right this injustice, Plaintiff requests that this Court:

a) Award compensatory damages and all other recoverable damages (including punitive damages) to Plaintiff and against the Defendants;

b) Award and allow Plaintiff costs, including expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

c) Award prejudgment and post-judgment interest at the highest rate allowable under the law; and,

d) Award and grant such other just relief as the Court deems proper.

Dated: January 15, 2015.

Respectfully submitted,

Edwards Law
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel. 512-623-7727
Fax. 512-623-7729

By /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
SCOTT MEDLOCK
State Bar No. 24044783
SEAN FLAMMER
State Bar No. 24059754

ATTORNEYS FOR PLAINTIFF